IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| LENARD POTTS, | § | |
| | § | |
| Plaintiff Below, | § | No. 141, 2025 |
| Appellant, | § | |
| | § | Court Below: Superior Court |
| v. | § | of the State of Delaware |
| | § | |
| CHRISTIANA CARE HEALTH | § | C.A. No. N21C-02-065 |
| SERVICES, INC., | § | |
| | § | |
| Defendant Below, | § | |
| Appellee. | § | |

Submitted: April 25, 2025
Decided: May 6, 2025

## <u>**ORDER**</u>

Lenard Potts filed this appeal from a Superior Court order that dismissed

claims asserted on behalf of Elijah Ledbetter and the Estate of Katrina Ledbetter in

this medical-negligence action. Because the Superior Court litigation was ongoing

as to Potts's claims and the appeal therefore appeared to be interlocutory,[1] Court

staff issued a notice, sent by certified mail, directing Potts to show cause why the

appeal should not be dismissed for failure to comply with Supreme Court Rule 42,

which sets forth the procedures for taking an interlocutory appeal. On April 14,

---

[1] *See Scarangello v. Culley*, 2025 WL 763670, at *1 (Del. Mar. 11, 2025) ("When a civil action involves multiple claims and multiple parties, a judgment regarding any claim or any party does not become final until the entry of the last judgment that resolves all claims as to all parties unless an interlocutory ruling as to a claim or party is certified pursuant to Superior Court Civil Rule 54(b)." (internal quotations omitted)).

2025, the Court received the certified-mail receipt, indicating that the notice had been delivered. Potts having failed to respond to the notice to show cause within the required ten-day period, dismissal of this action is deemed to be unopposed.

NOW, THEREFORE, IT IS ORDERED, under Supreme Court Rules 3(b)(2) and 29(b), that the appeal is DISMISSED.

BY THE COURT:


*/s/ N. Christopher Griffiths*
Justice